**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-314-FDW**

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU DAVIS, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 11-1). Plaintiff has also filed a "Motion for Appropriate Relief," (Doc. No. 10), that is construed as a Motion for Preliminary Injunction, a Motion to Amend and Consolidate, (Doc. No. 11), and a Letter, (Doc. No. 13), requesting a subpoena for evidence. Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I. BACKGROUND**

*Pro se* Plaintiff is currently incarcerated at the Buncombe County Detention Facility ("BCDF"). He has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 in which he names as Defendants: BCDF Sergeant Davis and BCDF Mail Room Staff Corporal Vidricks, Kim LNU, and Desiree LNU.

Construing the Amended Complaint liberally and accepting it as true, he had a meeting with "federal lawyer" Emily Jones on August 8, 2018 while he was housed at BCDF. (Doc. No. 11-1 at 4). Jones sent Plaintiff a letter about the issues discussed and responses from the D.A. the following week The letter was returned to the federal public defender. (Doc. No. 11-1 at 6). During the first week of September 2018, either Vidricks, Kim, or Desiree rejected Plaintiff's legal mail.

1

During that timeframe, Defendant Davis threw away Plaintiff's outgoing legal mail. Plaintiff was never notified that his mail was rejected or given a reasonable opportunity to protest that decision. Plaintiff filed grievances and Plaintiff's family about retaliation and Government misconduct and Plaintiff's family met with Major Fisher and Captain Gould about Plaintiff's safety concerns. Gould said that he spoke to the lawyer for Buncomb, Brandon Freeman, who said "leave him there." (Doc. No. 11-1 at 4). Corporal Byrd and Sergeant Shindler told Plaintiff that Kim LNU, Desiree LNU, and Corporal Vidricks were working the Mail Room front desk at the time of these incidents and are responsible for legal mail issues. Plaintiff claims that Defendants' actions violated due process, free speech, equal protection, and denied him access to the courts.

Plaintiff seeks damages and transfer to another facility due to a "conflict of interest and retaliation." (Doc. No. 11-1 at 4). He also requests another copy of the § 1983 form. (Doc. No. 11-3).

## II.    STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him

to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel

3

or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the case caption as required by Rule 10(a). This failure renders those allegations nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2)** **Free Speech**

The First Amendment states that "Congress shall make no law … abridging the freedom of speech…." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974); Pittman v. Hutto, 594 F.2d 407, 410 (4th Cir. 1979). When a prison restriction infringes upon an inmate's First Amendment rights, the alleged infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979) (citing Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 129 (1977)).

As a general rule, prisoners have the right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). For instance, a prisoner's First Amendment interest in corresponding does not preclude prison officials from examining mail to ensure that it does not contain contraband.

Wolff v. McDonnell, 418 U.S. 539, 576 (1974).

Plaintiff alleges that, during a one-week period, a piece of legal mail was rejected by Defendant Vidricks, Kim, or Desiree, and Defendant Davis threw away Plaintiff's outgoing mail. Construing the Amended Complaint liberally, Plaintiff appears to allege that Defendants purposefully deprived him of his mail during that one-week period. This claim is minimally sufficient to proceed.

**(3)** **Due Process**

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." Stone, 855 F.2d at 172. Moreover, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). However, post-deprivation remedies do not satisfy the due

process requirement where the deprivation complained of is effected pursuant to an established state procedure rather than a random, unauthorized action. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. N.C. Gen. Stat. § 143-291; see Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).

Plaintiff appears to allege that his property loss resulted from a random, unauthorized action rather than an established state procedure. To the extent the loss was due to a random, unauthorized act, adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), *aff'd,* 203 Fed. Appx. 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return it, because plaintiff had an adequate post-deprivation remedy for conversion). Therefore, Plaintiff's due process claims will be dismissed.

**(4)    Access to Courts**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). To make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting

from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Casey, 518 U.S. at 355.

Plaintiff's conclusory allegations that a communication from his attorney was returned to the public defender's office fail to identify any actual injury. He fails to describe the proceeding to which the letter was attached or describe how the lack of the letter frustrated a cognizable nonfrivolous claim. Therefore, Plaintiff's claim that he was deprived access to the courts will be dismissed.

**(5)     Equal Protection**

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The equal protection requirement "does not take from the States all power of classification," Personnel Adm'r v. Feeney, 442 U.S. 256, 271 (1979), but "keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). To succeed on an equal protection claim, a § 1983 plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If he makes this showing, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. Ordinarily, when a state regulation or policy is challenged under the Equal Protection Clause,

unless it involves a fundamental right or a suspect class, it is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319–320 (1993). The Fourth Circuit does not recognize prisoners as "a suspect class." Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). When equal protection challenges arise in a prison context, however, courts must adjust the level of scrutiny to ensure that prison officials are afforded the necessary discretion to operate their facilities in a safe and secure manner. See Morrison, 239 F.3d at 654–55. In a prison context, therefore, the court must determine whether the disparate treatment is "reasonably related to [any] legitimate penological interests." Shaw v. Murphy, 532 U.S. 223, 225 (2001). This deferential standard applies "even when the alleged infringed constitutional right would otherwise warrant higher scrutiny;" however, this more deferential review does not ignore the concerns that justify application of a heightened standard outside of the prison context. Morrison, 239 F.3d at 655-56.

Plaintiff fails to identify the protected group to which he belongs or explain how he was treated differently from others who are similarly situated. Therefore, Plaintiff's equal protection claim will be dismissed.

**IV. PENDING MOTIONS**

**(1) Motion for Appropriate Relief**

Plaintiff has filed a Motion for Appropriate Relief, (Doc. No. 10), that is liberally construed as a Motion seeking preliminary injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). A preliminary injunction is a remedy that is "granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) (quoting

Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991)). To obtain a preliminary injunction, a movant must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. DiBiase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (quoting Winter, 555 U.S. at 20).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. See Pashby v. Delia, 709 F.3d 307, 319 (4th Cir. 2013). By contrast, a mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." Taylor v. Freeman, 34 F.3d 266, 270 n. 2 (4th Cir. 1994) (quoting Martinez v. Matthews, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. Id. (citing Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). Further, it is well established that "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." Taylor, 34 F.3d at 268; see Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) ("judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

Plaintiff alleges that he has a "conflict of interest" with Sergeant Davis as a result of Plaintiff's filing of a civil suit. (Doc. No. 10 at 1). He claims that he was transported between other facilities for a federal case, then was transported back to BCDF in December 2018 where he was placed immediately in administrative segregation. Plaintiff was not given an explanation for his segregation status and he has concerns about mail issues at BCDF. He has filed grievances and

contacted Major Randall Sorrells about his concerns. Plaintiff asks to be shipped to another facility with access to a law library or to Central Prison for safekeeping.

Plaintiff's conclusory allegations have failed to demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Therefore, his request for preliminary injunctive relief will be denied.

**(2)** **Motion to Amend**

Plaintiff has filed a "Motion to Amend and Consolidation LCvR 42.1" in which he asks the Court to allow him to file the attached Amended Complaint, and to consolidate this action with another proceeding.

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Plaintiff's Motion to Amend is moot. The Complaint has not been served and no responsive pleading has been filed. Therefore, Plaintiff is entitled to amend once as a matter of right and no Motion is required.

This Court's Local Rules provide that a motion for consolidation must be filed in one of the related cases and that a notice must be filed in the other case. LCvR 42.1. Plaintiff's Motion to

Consolidate is moot because the Court is not aware of any other open case with which the present action can be consolidated. Plaintiff had filed another § 1983 civil rights action, case number 1:18-cv-359-FDW, but that case was dismissed without prejudice on December 27, 2018, because it addressed a pending state criminal case.

For the foregoing reasons, Plaintiff's Motion will be denied as moot.

**(3)** **Motion for Subpoena**

Plaintiff has filed a Letter that is liberally construed as a Motion Requesting the Issuance of a Subpoena.

To the extent that Plaintiff seeks discovery, the motion is premature. See Fed. R. Civ. P. 26(c) (as a general matter, a party must make initial disclosures at or within 14 days after the parties Rule 26(f) conference); Local Rule 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."). Moreover, routine discovery requests should not be filed with the Court. This Court's local rules provide that "[t]he parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition." LCvR 26.2. Plaintiff is instructed to acquaint himself with the Federal Rules of Civil Procedure, this Court's local rules, and the resources available on the Court's website for *pro se* litigants.[1] See, e.g., Fed. R. Civ. P. 26. Plaintiff is instructed to engage in voluntary discovery with Defendants after the Pretrial Scheduling Order is entered. Plaintiff may file a motion to compel with the Court if discovery efforts fail. The Clerk of Court is instructed not to issue Plaintiff's

---

[1] http://www.ncwd.uscourts.gov/

proposed subpoena at this time.

## V. CONCLUSION

For the reasons stated herein, the Amended Complaint has passed initial review against Defendants Davis, Desiree FNU, Kim FNU, and Vidricks on Plaintiff's First Amendment claim. The remaining claims are dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's Motion for Appropriate Relief," (Doc. No. 10), is construed as a Motion for Preliminary Injunction and is denied, Plaintiff's Motion to Amend and Consolidate, (Doc. No. 11), is denied as moot, and Plaintiff's Letter, (Doc. No. 13), is construed as a Motion Requesting the Issuance of a Subpoena and is denied as premature.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 11-1), has passed initial review against Defendants Davis, Desiree FNU, Kim FNU, and Vidricks on Plaintiff's First Amendment claim

2. The remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to docket the proposed Amended Complaint and its attachment, (Doc. Nos. 11-1, 11-2) as the "Amended Complaint" *nunc pro tunc* to March 7, 2019.

4. Plaintiff's Motion for Appropriate Relief," (Doc. No. 10), is construed as a Motion for Preliminary Injunction and is **DENIED**.

5. Plaintiff's Motion to Amend and Consolidate, (Doc. No. 11), is **DENIED** as moot.

6. Plaintiff's Letter, (Doc. No. 13), is construed as a Motion Requesting the Issuance of a Subpoena and is **DENIED** as premature.

7. The Clerk of Court is directed to mail Plaintiff a copy of the § 1983 form.

8. **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on **Defendants Sergeant Davis, Desiree LNU, Kim LNU,** and **Corporal Vidricks**. Once the Court receives the summons form, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the form has been mailed to Plaintiff.

Signed: March 25, 2019

Frank D. Whitney
Chief United States District Judge