UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-314-FDW

| JONATHAN ANTHONY LEE TORRES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| FNU DAVIS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendants' Motion for Consent Protective Order, (Doc. No. 37). The Motion is **GRANTED** as follows:

Defendants, through counsel, and with the consent of counsel for Plaintiff, appearing for the limited purposes of conducting written discovery, agree to the entry of a Protective Order which will control the production and dissemination of confidential documents, material, and information which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A 98 (c) ("confidential information"). The parties have sought such an order so as to be in compliance with these statutes. Accordingly, pursuant to Local Civil Rule 7.1 and Rule 26(c) of the Federal Rules of Civil Procedure and upon the agreement of counsel, it is hereby ORDERED that:

1. Scope of the Order. This Order governs the handling and disclosure, during discovery, pre-trial proceedings, and the post-trial handling of documents, with the exception of trial exhibits or other materials used at trial, which may be addressed by the trial judge, materials and information

identified, produced, given, exchanged, obtained, or filed herein and designated as "Confidential Information" by any party. This includes the disclosure of "Confidential Information" during mediation, other alternative dispute resolution processes, and any other settlement proceedings.

2. Agreement on Use of Confidential Information. All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, pre-trial, trial, and post-trial proceedings in this action. "Confidential Information" shall not be used or disclosed by any person for any other purpose.

3. "Disclosure". When used in this Order, the term "Disclosure" shall mean to communicate, provide, impart, transmit, transfer, convey, publish, divulge, or otherwise make available.

4. "Confidential Information". "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

a. "General Confidential Information" refers to and includes:

i. Information and documents contained in "personnel files," as that phrase is defined in N.C. Gen. Stat. § 153A 98.

ii. Information, documents, and related materials collected by Buncombe County Detention Center (BCDC) related to its employees, whether current or former that is related to job performance or duties; and

iii. Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

b. "Attorneys' Eyes Only Confidential Information" means:

i. Personal information about BCDC employees, whether current or former employees, that is not

2

related to job performance or duties, such as social security numbers, home addresses and telephone numbers, insurance records or designations, medical and/or disability information, and other purely private information.

5. Designation of Confidential Material. Designation of material as "Confidential Information" or "Attorneys' Eyes Only Confidential" shall be made as follows:

a. In the case of documents furnished by the Designating Party by writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL" or "Attorneys' Eyes Only" and/or specifically identifying by Bates Stamp Numbers the documents produced pursuant to the Consent Protective Order (all confidential documents will be marked on their face);

b. In the case of written discovery responses, by writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL" or "Attorneys' Eyes Only" and/or specifically identifying by Bates Stamp Numbers the documents produced pursuant to the Consent Protective Order.

c. In the case of deposition transcripts, or portions thereof, by identifying Confidential Information subject to this Order either (i) by stating on the record that portion of the testimony and any exhibits to the testimony are Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within twenty-one days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "CONFIDENTIAL."

6. Disclosure of Confidential Information.

a. The Confidential Information may be revealed only to the attorneys of record, members of the attorneys' staffs, and those persons identified, retained, and deposed as expert witnesses solely for use in this litigation, including pre-trial, trial, and post-trial proceedings. The attorneys of record, members of the attorneys' staffs, and those persons identified, retained, and deposed as expert witnesses, if any, are prohibited from disclosing any Confidential Information or copies thereof to any other person, except that the Confidential Information may be disclosed to the Court and to the reporter transcribing a deposition or other proceeding involving the Confidential Information.

b. Counsel shall not provide documents, images, or notes created or prepared pursuant to this Order, or copies thereof, to Plaintiff, and Plaintiff shall not be permitted to retain said documents or images or notes or copies thereof. However, nothing in this Order shall prevent, or otherwise restrict, counsel from rendering advice to Plaintiff while relying generally on examination of the images created or produced pursuant to or covered by this Order.

c. If counsel for Plaintiff determines that any documents designated as "CONFIDENTIAL" or "Attorneys' Eyes Only" should be provided to Plaintiff because they are necessary for him to prosecute this action on his behalf, counsel for Plaintiff will notify counsel for Defendants and indicate the specific documents that are requested to be provided to Plaintiff. Counsel for Plaintiff agrees to copy any "CONFIDENTIAL" or "Attorneys' Eyes Only" documents provided to the Plaintiff onto red paper before disclosing said material to Plaintiff. If, after the conclusion of this litigation, DPS officials, during any searches of Plaintiff's personal property or outgoing mail, discover red papers designated as "CONFIDENTIAL," those officials are authorized to seize the documents and return them to BCDC. Any "CONFIDENTIAL" documents provided to the Plaintiff cannot be copied by Plaintiff, shown to or provided to any other person or persons, and

4

Case 1:18-cv-00314-MR   Document 42   Filed 04/22/20   Page 4 of 7

must be returned to counsel for Defendants by Plaintiff at the conclusion of this litigation within 30 days of the conclusion of this litigation.

d. If the parties cannot agree that Plaintiff can be provided said documents, the parties will bring the matter to the Court's attention for resolution prior to the provision of said documents to the Plaintiff and Plaintiff's counsel withdrawal from representation of Plaintiff.

7. Inadvertent Disclosure of Confidential Information: If either party later discovers the inadvertent disclosure of confidential information without the markings contemplated in ¶5, the party may alert the other party and the situation will be resolved by the disclosing party's provision of properly marked materials and the return or secure destruction of the confidential materials disclosed without proper marking.

8. Filing of Confidential Information Under Seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party

shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

9. Copies. No copies of any Confidential Information should be made except as is necessary to the preparation and hearing of this civil action.

10. Return of Confidential Information. Within forty-five (45) days following the completion of this litigation, including pre-trial, trial and post-trial proceedings, counsel for the Requesting Party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the forty-five (45) day deadline a signed certification that the Confidential Information has been destroyed. The party destroying the Confidential Information will bear his or her own costs.

11. Purpose of Order. This Order is entered solely for the purpose of facilitating the exchange of information between the parties without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) a waiver of confidentiality or any other waiver, including waiver to admission or of objection under the rules of evidence, by any party, or (ii) altering any existing obligation or objection of any party.

12. The manner in which confidential materials shall be handled at a trial of this matter shall be determined by the Judge at the pre-trial conference.

13. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

14. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of litigation.

15. The terms of this Protective Order are subject to modification, extension or limitation as may be agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

**IT IS SO ORDERED.**

Signed: April 22, 2020

Frank D. Whitney
Chief United States District Judge